The People ex rel. The Rome, Watertown and Ogdens-burgh Railroad Company, Appellant, *v.* Seth Jones et al., as Assessors, etc., Respondents

Where the assessors' oath, sworn to and attached to an assessment-roll, after the passage of the act of 1885 prescribing the form of such oath (Chap. 207, Laws of 1885), instead of following that form was drawn in conformity to the statute in existence when that act was passed, and the roll so verified was delivered to the supervisor of the town, but before it had been in any way produced before or acted upon by the board of supervisors a new oath in proper form was attached to the roll. *Held,* that the verification was valid; that in this respect and to this extent the provision of the statute as to the time of verification is directory only.

(Argued June 22, 1887; decided July 1, 1887.)

Appeal from order of the General Term of the Supreme Court in the fifth judicial department, made on the 1st Tuesday of January, 1887, which affirmed an order of Special Term in proceedings by *certiorari* to review the action of the assessors of the town of Kendall in assessing the property of the relator in that town for the year 1885.

The Special Term order denied the prayer of the petitioner and dismissed the petition and writs. The only objection

insisted upon here was that the oath of the assessors was defective. It appeared that the oath annexed to the assessment-roll, when it was delivered to the supervisor of said town, instead of being in compliance with the requirements of the act (Chap. 201, Laws of 1885), was in the form prescribed by the law as it existed before the passage of that act. Subsequently, however, on October 17, 1885, and before the roll had been presented before or in any way acted upon by the board of supervisors of the county, another oath was taken by the assessors and annexed to the roll, which complied with the act of 1885.

*William B. Hornblower* for appellant. The oath of the assessors attached to the roll is a jurisdictional matter and the statutory requirements must be substantially complied with or the assessment is void, and all acts done in pursuance thereof are unlawful. ( *Van Rensselaer* v. *Witbeck*, 7 N. Y. 217; 7 Barb. 133 [reversed]; *Westfall* v. *Preston*, 49 N. Y. 349; 3 Lans. 151; *Bellinger* v. *Gray*, 51 N. Y. 610; *Nat. Bk. of Chemung* v. *City of Elmira*, 53 id. 49; 6 Lans. 116; *Beach* v. *Hayes*, 58 How. Pr. 17; *Hinckley* v. *Cooper*, 22 Hun, 253; *People* v. *Suffern*, 68 N. Y. 321; *Brevoort* v. *Brooklyn*, 89 id. 128; *Inman* v. *Coleman*, 37 Hun, 170.) The departure from the statutory form of oath in these cases is a *substantial* departure within the meaning of the decisions and renders the assessment void. ( *Inman* v. *Coleman*, 37 Hun, 170; *Hinckley* v. *Cooper*, 22 id., 253; *Beach* v. *Hayes*, 58 How. Pr. 17; *Van Rensselaer* v. *Witbeck*, 7 N. Y. 522; *Schettler* v. *Fort Howell*, 43 Wis. 48; *Goff* v. *Supervisors*, id. 55; *Westfall* v. *Preston*, 49 N. Y. 349; *Bellinger* v. *Gray*, 51 id. 620; *Nat. Bk. of Chemung* v. *Elmira*, 53 id. 49; *Bradley* v. *Ward*, 58 id. 406; *Brevoort* v. *Brooklyn*, 89 id. 128, 132.) The provision of the act of 1851, with regard to the mode of assessment, is impliedly repealed by the act of 1885, the acts being inconsistent. (Sedg. on Stat. Construction [2d ed.], 100, 104; *Dean of Ely* v. *Bliss*, 5 Beav. 574; *D. & L. Plk. R. Co.* v. *Allen*, 16 Barb. 17, 18;

*Commonwealth* v. *Comrs. of Allegheny*, 40 Penn. St. 348; *Burdick* v. *Phillips*, 17 N. Y. Weekly Dig. 440.) The indorsing on the roll, or annexing to the roll, of a second oath to conform to the statute of 1885, does not avail to correct the jurisdictional defect theretofore existing. (*Westfall* v. *Preston*, 49 N. Y. 349; *People* v. *Suffern*, 68 id. 321; *People ex rel. Marsh* v. *Delaney*, 49 id. 655; *Clark* v. *Norton*, id. 243; *Mygatt* v. *Washburn*, 15 id. 316; *T. Man'fg Co.* v. *Lathrop*, 7 Conn. 530; *Marsh* v. *Chesnut*, 14 Ill. 223; *Billings* v. *Detten*, 15 id. 218; *Brown* v. *Hogle*, 30 id. 119; *People* v. *Fredericks*, 48 Barb. 176; *People* v. *Reddy*, 43 id. 539; *People ex rel. Heiser* v. *B'd Ass'rs.* 16 Hun, 408; *People* v. *Sup'rs Queens Co.*, 82 N. Y. 275; *People* v. *Com'rs of Taxes*, 91 id. 593.) When the assessors have delivered to the supervisor their assessment-roll their duties as assessors are at an end, and they cannot, after that, do any act whatsoever as assessors, and cannot correct or amend their proceedings. (*Devlin* v. *Mayor, etc.*, 6 Daly, 488; *Pratt* v. *Stiles*, 17 How. Pr. 211; *Shearman* v. *Justice*, 22 id. 241; *Niles* v. *Price*, id. 473; *O'Donnell* v. *McIntyre*, 37 Hun, 615.)

*John Cunneen* for respondent. The provision of the statute that the oath of the assessors to the assessment-roll shall be taken before a specified date is directory, and the oath is lawful, although taken at a later day. (*People ex rel. R. W. & O. R. R. Co.* v. *Ass'rs, etc.*, 104 N. Y. 377; *R. W. & O. R. R. Co.* v. *Smith*, 39 Hun, 332; 101 N. Y. 681.)

*Per Curiam.* Without passing upon the validity of the first oath taken by the assessors herein, we are of the opinion that the verification of the roll by them after it had been delivered to the supervisor, and before it had been in any way produced by him before or acted upon by the board of supervisors, was a compliance with the statute, and in this respect and to this extent the provisions of the statute, as to the time of verification, are directory only.

This is the only question argued, and the order appealed from should be affirmed, with costs.

All concur, except ANDREWS, J., not sitting.

Order affirmed.